_____

No. 94-2305EA
_____

Robert Webb; James R. Douglas;            *
                                          *
          Plaintiffs,                     *
                                          *
Southwest Workers Federation,             *
Transportation Subclass,                  *
Maintenance of Way Subclass;              *
Lawrence Barbee; Billy Joe                *
Collins; Barry Duran Stewart;             *
                                          *
          Plaintiffs-Appellees,           *
                                          *
Sidney Williams; Earnest                  *
Franklin;                                 *
                                          *   Appeal from the United States
          Intervenor-Plaintiffs-*   District Court for the Eastern
          Appellees,                      *   District of Arkansas.
                                          *
Loraine Robinson; Jerry Deloney;*
Curtis Carter; Betty Stewart;             *
John Sykes,                               *
                                          *
          Intervenor-Plaintiffs,*
                                          *
     v.                                   *
                                          *
Missouri Pacific Railroad                 *
Company; Union Pacific Railroad           *
Company,                                  *
                                          *
          Defendants-Appellants.*
                                    _____

                         Submitted:  May 15, 1996

                         Filed:  October 22, 1996
                                    _____

Before FAGG, WOLLMAN, and LOKEN, Circuit Judges.
                                    _____


FAGG, Circuit Judge.


     In 1975, several black employees and the Southwest Workers

Federation (collectively the Federation) brought this employment discrimination lawsuit against the Missouri Pacific Railroad Company (Missouri Pacific). See 42 U.S.C. §§ 1981, 2000e-5(f) (1994). About seven years after the filing of the Federation's complaint, the district court granted the Federation's motion for class certification. See Webb v. Missouri Pac. R.R., 95 F.R.D. 357, 359-60, 370 (E.D. Ark. 1982). Trial of the case's liability phase was conducted between November 1985 and December 1989 and involved ninety-five days of live testimony. In the spring of 1986, Missouri Pacific merged with the Union Pacific Railroad Company (Union Pacific). Relying almost exclusively on evidence of discriminatory treatment from before the merger, see Webb v. Missouri Pac. R.R., 826 F. Supp. 1192, 1205-20 (E.D. Ark. 1993), and nearly three and one-half years after the trial record was closed, the district court found there was class-wide discrimination and ruled in favor of the employees in Missouri Pacific's maintenance-of-way (MOW) and transportation departments, id. at 1203-11. Despite the age of the trial record, on April 15, 1994 the district court "enjoined [Union Pacific] from creating or tolerating a racially oppressive work environment for any member of the MOW or Transportation [departments]." Webb v. Missouri Pac. R.R., No. LR-75-C-189, slip op. at 2 (E.D. Ark. Apr. 15, 1994). The district court also enjoined Union Pacific from using discriminatory practices in discipline, promotions, and job assignments within the MOW department. See id. at 3-4. Union Pacific filed this interlocutory appeal challenging the district court's decision to grant an injunction. See 28 U.S.C. § 1292(a)(1) (1994).

After carefully reviewing the record, we conclude the evidence does not support the district court's decision to grant class-wide injunctive relief. Aside from the liability phase record that was closed in December 1989, the only other evidence before the district court about the working conditions and any possible discriminatory treatment of the class action employees under Union

-2-

Pacific's regime was an uncontested affidavit by Union Pacific's equal opportunity compliance manager. This affidavit was presented shortly before the district court issued the injunction. In his affidavit, the compliance manager explained Union Pacific's extensive antidiscrimination and affirmative action programs and reported that "since December of 1989, there have been no [formal or informal] complaints of racial harassment by MOW employees on the Arkansas Division roster." In short, the district court had no information about discrimination since the liability phase of the trial ended in 1989 except an affidavit showing the effective implementation of comprehensive antidiscrimination and affirmative action programs after Union Pacific took control over Missouri Pacific's operation. See Parham v. Southwestern Bell Tel. Co., 433 F.2d 421, 429 (8th Cir. 1970) (employer's voluntary use of salutary employment policies eliminated the need for an injunction). Contrary to the district court's view, injunctive relief should not be considered unless the record shows "a real threat of [a] future violation [of the law] or a contemporary violation of a nature likely to continue or recur." United States v. Oregon State Medical Soc'y, 343 U.S. 326, 333 (1952); see Farmer v. Brennan, 114 S. Ct. 1970, 1983 (1994). Even assuming the district court's findings of widespread discrimination are correct, Missouri Pacific's past transgressions will not support an injunction that was not issued until five years after the close of all the evidence. See Oregon State Medical Soc'y, 343 U.S. at 333-34; Boykin v. Georgia-Pacific Corp., 706 F.2d 1384, 1394 (5th Cir. 1983) (injunction inappropriate when last testimony about class-wide discriminatory treatment was seven years old); Taylor v. Teletype Corp., 648 F.2d 1129, 1136 (8th Cir. 1981) (injunction inappropriate absent evidence of racial discrimination for the past three years); Donnell v. General Motors Corp., 576 F.2d 1292, 1301 (8th Cir. 1978) (same). Simply stated, we are unable to say Union Pacific's employment practices justify the district court's decision to grant class-wide injunctive relief.

Having concluded the district court abused its discretion by granting an injunction on a stale record, we reject Union Pacific's suggestion that we should consider whether the district court improperly granted class certification, and whether the district court's findings of class-wide employment discrimination are clearly erroneous. Although Union Pacific correctly argues that we may review nonfinal and normally unappealable orders if their propriety is necessarily intertwined with the validity of the injunction, see Fogie v. Thorn Americas, Inc., No. 95-3694, 1996 WL 501757, at *2 (8th Cir. Sept. 6, 1996), we refrain from doing so in this case because we have disposed of the injunction "without venturing into otherwise nonreviewable matters," Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 208-09 (3rd Cir. 1990).

We thus vacate the injunction and return the case to the district court with one final comment. After twenty years of on-and-off litigation in the district court, it is time for this case to come to an end. That being said, we urge the district court to conduct the yet-to-be-tried remedy phase with dispatch.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-